# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TROY DAVIS (#356886)** | **CIVIL ACTION** |
| **VERSUS** | |
| **ASST. WARDEN THOMPSON, ET AL.** | **19-493-JWD-RLB** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 11, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TROY DAVIS (#356886)                                          CIVIL ACTION

VERSUS

ASST. WARDEN THOMPSON, ET AL.                                 19-493-JWD-RLB

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") against Lt. Col. Rheme, Major Washington, Asst. Warden Thompson, Capt. Russ, Warden Darrel Vannoy, and Secretary James LeBlanc, complaining that his constitutional rights have been violated due to the failure of the defendants to provide a working television in his housing area. He prays for monetary, declaratory, and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v.

*Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

    In short, the plaintiff alleges that there is no working television in his housing area and his complaints regarding the same were unanswered and on one occasion responded to with verbal abuse. After making several complaints, the plaintiff was finally informed that the only televisions available were televisions for hearing impaired inmates.

    Turning first to the plaintiff's claim that the failure to provide a working television in his housing area violates the ADA, to whatever extent, if any, that the defendants are being sued in their individual capacities, the plaintiff's ADA claims against them must be dismissed. The Supreme Court in *Pa. Dep't of Corrections v. Yeskey*, 524 U.S. 206, 209–10 (1998), recognized that state prisoners may bring claims against their jailors for disability discrimination under Title II of the ADA, which prohibits discrimination by public entities. The term "public entity" in Title II does not include individuals; therefore, individual defendants cannot be held personally liable for violations of Title II of the ADA. *Walker v. Snyder*, 213 F.3d 344, 347 (7th Cir. 2000), *abrogated on other grounds by Bd. of Trustees v. Garrett*, 531 U.S. 356, 374 n. 9 (2001), *as stated in Bruggeman ex rel. Bruggeman v. Blagojevich*, 324 F.3d 906, 912 (7th Cir. 2003).

As to any official capacity claims the plaintiff may be asserting against the defendants under the ADA, the plaintiff has failed to allege facts that state a cause of action under this statute. "The ADA is a federal anti-discrimination statute designed '[t]o provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.'" *Delano-Pyle v. Victoria County, Texas*, 302 F.3d 567, 574 (5th Cir. 2002), *quoting Rizzo v. Children's World Learning Centers, Inc.*, 173 F.3d 254, 261 (5th Cir. 1999). Title II of the ADA provides that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA defines a "public entity" to include "any department, agency, ... or other instrumentality of a State," 42 U.S.C. § 12131(1)(B), and it has been held that "[s]tate prisons fall squarely within the statutory definition of 'public entity.'" *Pa. Dep't of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998). Thus, "the plain text of Title II of the ADA unambiguously extends to state prison inmates." *Id.* at 213.

In order to establish a violation of the ADA, the plaintiff must be able to demonstrate (1) that he is a qualified individual within the meaning of the Act, (2) that he is being excluded from participation in or being denied the benefits of services, programs, or activities for which the defendants are responsible, or is otherwise being discriminated against by the defendants, and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability. *Lightbourn v. County of El Paso, Texas*, 118 F.3d 421, 428 (5th Cir. 1997).

The plaintiff's allegations in the instant case do not meet this 3-part test *vis-a-vis* the defendants. The plaintiff does not assert that he has a disability or that he is being discriminated

against in any manner, much less by reason of his disability. To the contrary, the plaintiff's allegations merely concern a failure to provide a working television in his housing area.

To the extent the plaintiff is complaining regarding his conditions of confinement due to the lack of a working television in his housing unit, the prohibition against cruel and unusual punishment mandates that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). *See also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones"). However, a constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994), *citing Wilson v. Seiter*, *supra,* 501 U.S. at 304. Second, under a subjective standard, the Court must determine that the prison officials responsible for the deprivation have been "deliberately indifferent to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995).

The plaintiff has no constitutional right to watch television, nor is watching television one of life's necessities or a basic human need. As such, the plaintiff fails to state a claim for an Eighth Amendment violation. *See Scheanette v. Davis,* 199 F. App'x. 336 (5th Cir. 2006).

To the degree that that the plaintiff raises an equal protection claim, this claim is without merit. "To state an equal protection claim, [a prisoner] must allege, *inter alia*, that similarly situated individuals have been treated differently and he must also allege purposeful or intentional discrimination." *McKnight v. Eason*, 227 F. App'x. 356 (5th Cir. 2007). "A prisoner

must show that the prison official acted with a discriminatory purpose and thus cannot base an equal protection claim solely on a personal belief that he was a victim of discrimination…Vague and conclusory allegations [of discrimination] are insufficient to raise an equal protection claim." *Jebril v. Joslin* 2008 WL 416240 at *8 (S.D. Tex. 2008) (*citing Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995); *Pedraza v. Me*yer, 919 F.2d 317, 318 n. 1 (5th Cir. 1990)).  In the instant matter, the plaintiff alleges that he and all other inmates in his housing area are unable to watch television.  As such, the plaintiff's allegations fail to show that similarly situated individuals, *i.e.* other prisoners in his housing area, are being treated differently.

The plaintiff has also failed to state a due process claim for deprivation of a working television in his housing area.  A liberty interest in avoiding restrictive conditions of confinement exists only if the conditions "impose[] atypical and significant hardship[s] on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995).  The plaintiff's complained of condition is not sufficiently atypical or significant to implicate a due process liberty interest.  *See Rhine v. City of Mansfield,* 499 F. App'x. 334 (5th Cir. 2012) (complaint of confinement in segregation resulting in loss of use of television, microwave, and hotplate fails to state a due process claim).

To the extent the plaintiff complains that the defendants failed to respond to his informal complaints, such allegations fails to state a claim upon which relief may be granted as the plaintiff is not constitutionally entitled to an investigation into his administrative claims or informal complaints, or to a fair or favorable response thereto.  *See Mahogany v. Miller*, 252 Fed. Appx. 593 (5th Cir. 2007). *See also Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (holding that an inmate "does not have a federally protected liberty interest" in having his

administrative claims resolved to his satisfaction and that a claim "arising from the alleged failure to investigate his grievances is indisputably meritless").

To the extent the plaintiff complains of the verbal abuse and/or threats received in response to his request for a working television, neither threats nor verbal abuse by a security officer is actionable under § 1983. *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not actionable under § 1983"); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983"); *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983").

Additionally, the plaintiff states that he did not use the grievance procedure because there is no requirement of administrative exhaustion under the ADA. Under 42 U.S.C. § 1997e(a), a prisoner must exhaust his administrative remedies before bringing a civil action challenging prison conditions. As such, the plaintiff was required to exhaust his administrative remedies for all his claims, including those raised under the ADA, since they involve matters of prison life. *See Booth v. Churner,* 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958, (2001); *see also Clifford v. Gibbs,* 298 F.3d 328, 332 (5th Cir. 2002). Accordingly, even if the Court generously assumed that the plaintiff's Complaint, as amended, states a claim upon which relief could be granted, the plaintiff's claims have not been exhausted.

To the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant

case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

Finally, with regards to the plaintiff's Motion for Appointment of Counsel (R. Doc. 2), as noted above the plaintiff's Complaint fails to state a claim upon which relief may be granted. Accordingly, appointing counsel in this matter would not advance the proper administration of justice. As such, the Court further recommends that the plaintiff's Motion (R. Doc. 2) be denied.

## RECOMMENDATION

It is recommended that the Court deny the plaintiff's Motion for Appointment of Counsel (R. Doc. 2), decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on October 21, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."