UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TROY DAVIS (#356886)      CIVIL ACTION

VERSUS

    19-493-JWD-RLB

ASST. WARDEN THOMPSON, ET AL.

### RULING

This matter comes before the Court on the plaintiff's Motion for Leave to File an Amended Complaint (R. Doc. 17) and Motion for Temporary Restraining Order and a Preliminary Injunction/Motion for Emergency Release (R. Doc. 18). For the following reasons, the Motions are denied.

On or about July 26, 2019, the plaintiff filed this action complaining that his constitutional rights have been violated due to the failure of the defendants to provide a working television in his housing area. In December of 2019, the plaintiff's action was dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A. *See* R. Docs. 13 and 14. Although the case has been closed for nearly nine months, the plaintiff now brings the instant Motions requesting to amend his complaint to add unrelated claims stemming from events that allegedly occurred after the filing of his original Complaint, and requesting that the Court enjoin defendants who are no longer parties in this matter.

With regards to the plaintiff's Motion for Leave to File an Amended Complaint (R. Doc. 17), Federal Rule of Civil Procedure 15 provides that the court should freely give leave when justice so requires. Even if this matter had not been closed for the past nine months, justice does not require that plaintiff be allowed to continually amend his complaint to add new claims as they occur to him, or to add unexhausted claims that arise after the filing of this original suit. If

plaintiff wishes to pursue such additional claims, he may file a new lawsuit asserting those claims after he has exhausted his administrative remedies as required by federal law.

With regards to the plaintiff's Motion (R. Doc. 18) for injunctive relief, "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). *See* also *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"). The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court. *See Allied Mlttg. Grp., Inc.*, 878 F.2d at 809.

At all times, the burden of persuasion remains with the plaintiff as to each of the four elements. Specifically, a plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

First, any request for injunction in this case fails because, as previously mentioned, the plaintiff's complaint herein was dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A. As such, the plaintiff does not have any likelihood of success on the merits of any request for injunctive relief he may bring related to the

instant complaint.  Second, it is appropriate to deny the relief requested because the case is closed.  *See Smith v. Deville*, No. 1:16-CV-1211-P, 2018 WL 3719659, at *4 (W.D. La. May 31, 2018), *report and recommendation adopted,* No. 1:16-CV-01211 P, 2018 WL 3715843 (W.D. La. Aug. 3, 2018), *motion to reopen granted* (Sept. 19, 2018), and *report and recommendation adopted sub nom. Smith v. La Dep't of Safety & Corr.,* No. 16-CV-1211, 2019 WL 1212753 (W.D. La. Mar. 14, 2019) (denying a request for temporary restraining order because the case was closed).  Finally, there are no defendant parties who may be enjoined as the plaintiff's claims against all defendants were dismissed with prejudice.  Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Leave to File an Amended Complaint (R. Doc. 17) and Motion for Temporary Restraining Order and a Preliminary Injunction/Motion for Emergency Release (R. Doc. 18) are **DENIED**.

Signed in Baton Rouge, Louisiana, on September 28, 2020.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**